UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Caroline Curry, | ) | CASE NO. 1:21 CV 1455 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| City of Mansfield, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

*Pro se* Plaintiff Caroline Curry filed this action in the Richland County Court of Common Pleas under Title VII, 42 U.S.C. § 2000e, 42 U.S.C. § 1981, and 42 U.S.C. § 1983 against the City of Mansfield, Mansfield Mayor Theaker, Mansfield Human Resources Employee Mr. Kuntz, Mansfield Wastewater Treatment Plant Manager Bob Coker, Mansfield Public Works Director Dave Remy, the United States Equal Employment Opportunity Commission ("EEOC"), EEOC State and Local Coordinator Jeremy A. Sells, EEOC District Director Michelle Eisele, United States Attorney General Merrick B. Garland, and Ohio Civil Rights Commission Cleveland Regional Director Vera Boggs. The Defendants removed the action to federal court. In the Complaint, Plaintiff alleges the City of Mansfield discriminated against her on the basis of race by failing to hire her for open jobs. She seeks monetary damages.

The Federal Defendants (the EEOC, Sell, Eisele and Garland) filed a Motion to Dismiss. (Doc. No. 7).  Boggs also filed a Motion to Dismiss. (Doc. No. 8).

**BACKGROUND**

Plaintiff's Complaint contains very little factual information.  She claims the City of Mansfield did not post the Operations Supervisor job and instead gave it to an internal candidate "Sherry" who the City had trained for a year for the position.  She states, "She was doing the job that I had for 30 years in which the City did not give me a chance to be rehired as similarly situated employees."  (Doc. No. 1-1 at PageID #:12).  Plaintiff does not allege facts to indicate when or why she left her job with the City.  She states the employees were disrespectful, insubordinate, and performed their jobs unsatisfactorily.  She contends she was trying to get the employees to do their jobs so that they could complete mandated work; however, the City labeled her as a defiant employee who caused problems with management.

Plaintiff alleges that when Bob Coker was promoted to Manager, the City of Mansfield did not fill the supervisor job he had vacated.  She contends they instead waited for a year to fill the position and then hired internally by promoting Sherry.  Plaintiff indicates that Sherry's promotion left an opening in the Environmental Compliance Supervisor position.  She alleges that the position is still open and the City of Mansfield has not set a date for hiring someone to fill this position.  She contends they are proceeding this way to prevent her from applying for the jobs.  She indicates she is a black female over the age of 50 and the Defendants' actions discriminated against her on the basis of race in violation of Title VII, as well as 42 U.S.C. §§ 1981 and 1985.

The Federal Defendants and Boggs filed Motions to Dismiss. (Doc. Nos. 7 and 8).  The Federal Defendants claim sovereign immunity.  Both the Federal Defendants and Boggs claim Plaintiff did not allege any facts suggesting a possible basis for a claim against them and, therefore, failed to establish subject matter jurisdiction or personal jurisdiction, and failed to state a claim upon which relief may be granted.

**STANDARD OF REVIEW**

A Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a Court's subject matter jurisdiction.  Federal district courts are courts of limited jurisdiction that may not grant relief absent a constitutional or valid statutory grant of jurisdiction and are presumed to lack jurisdiction in a particular case unless it is affirmatively established." *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994); *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).  Rule 12(b)(1) motions may challenge jurisdiction facially or factually.  *United States v. Richie*, 15 F.3d 592, 598 (6th Cir.1994).  In a facial attack, the challenger asserts that the allegations contained in a Complaint are insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.  *Id*. A challenge to subject matter jurisdiction may be considered a factual attack when the attack relies on extrinsic evidence, as opposed to the pleadings alone, to contest the truth of the allegations. *Id.*

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint.  *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993).  The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007), and recently in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), clarified the law regarding what the Plaintiff must plead in order to survive a Motion to Dismiss under Rule 12(b)(6).

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 556 U.S. at 677-678 , further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*. The Sixth Circuit has held that a Court may consider allegations contained in the Complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, all without converting a Motion to Dismiss to a

Motion for Summary Judgment.  FED. R. CIV. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

**DISCUSSION**

The United States, as sovereign, is immune from suit unless it consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996).  A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied.  *U.S. v. King*, 395 U.S. 1,4 (1969); *Soriano v. U.S.*, 352 U.S. 270, 276 (1957).  When enacting a statute, Congress defines the exact terms and conditions upon which the government may be sued under that statute, and the terms of the United States' consent define the parameters of federal court jurisdiction to entertain suits brought against the United States.  *United States v. Orleans*, 425 U.S. at 814; *Honda v. Clark*, 386 U.S. 484, 501 (1967).

Plaintiff cites three statutes as the basis for relief against the Defendants. The first of these statutes is Title VII, 42 U.S.C. § 2000e, which governs discrimination in employment. Plaintiff was not employed by the federal government so that statute is not applicable here.  The second and third statutes are 42 U.S.C. § 1981 and 42 U.S.C. § 1983. The express language of those statutes limits government liability to those acting under color of state law.  By omitting any reference to those acting under color of federal law, Congress did not consent to suit or waive the sovereign immunity of the United States or its employees for § 1981 or § 1983 claims.  *Selden v. United States Department of Housing and Urban Development*, 785 F.2d 152 (6th Cir. 1986)(§§ 1981 and 1982 did not constitute a waiver of the sovereign immunity of the United States); *Omeli v. National Council of Senior Citizens*, 2001 WL 700849 (6th Cir.

2001)(Congress did not waive the sovereign immunity of the United States by enacting §§ 1981 and 1985); *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001)(United States did not waive liability for claims under § 1983); *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994)(United States cannot be sued under § 1983). This Court lacks subject matter jurisdiction over claims against the EEOC, Sells, Eisele, and Garland.

Moreover, the Federal Defendants and Boggs all contend that Plaintiff does not allege any facts connecting them to the allegations in the Complaint. To meet federal notice pleading requirements of Federal Civil Procedure Rule 8, the Complaint must give each of the Defendants fair notice of what the Plaintiff's legal claims against them are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). These Defendants are not mentioned at all in the body of the Complaint. Any claims of discrimination against them would be speculative, at best. Plaintiff fails to state a claim upon which relief may be granted against the EEOC, Sells, Eisele, Garland, and Boggs. Their Motions to Dismiss (Doc. Nos. 7 and 8) are granted.

Although Theaker, Coker, Remy, and Kuntz did not file a Motion to Dismiss, this Court is permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam)(citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the Court lacks subject matter jurisdiction over the matter.

*Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

As an initial matter, Plaintiff's Title VII claims against individual defendants lack an arguable basis in law. Title VII makes it unlawful for an employer to discriminate against an individual because of that individual's race. 42 U.S.C. § 2000e. An individual employee or supervisor, who does not otherwise qualify as an "employer" as defined by the statute cannot be held liable under Title VII. *See Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) (finding that individual liability is prohibited under Title VII). Theaker, Coker, Remy, and Kuntz do not qualify as employers under the statute. Plaintiff cannot bring Title VII claims against them.

Finally, Plaintiff has not alleged facts to suggest a basis for claims against these Defendants under § 1981 or § 1983. There are no factual allegations in the Complaint against Theaker, Remy, or Kuntz. Plaintiff's only allegation against Coker is that he was hired for a job for which she believes she too should have received consideration. Plaintiff, however, does not allege that Coker engaged in discriminatory actions. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The Complaint simply contains no facts which reasonably associate Theaker, Coker, Remy, or Kuntz to any of the Plaintiff's claims.

**CONCLUSION**

Accordingly, the Motion to Dismiss filed by the Federal Defendants (Doc. No. 7) and the Motion to Dismiss filed by Vera Boggs (Doc. No. 8) are granted. The EEOC, Sells, Eisele, Garland, and Boggs are dismissed from this action. Furthermore, Plaintiff's claims against Theaker, Coker, Remy, and Kuntz meet the criteria set forth in *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), and are also dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This action will proceed solely against the City of Mansfield.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 11/16/21