**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Carline Curry,** ) | **CASE NO. 1:21 CV 1455** |
| ) | |
| Plaintiff, ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **City of Mansfield,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

**Introduction**

This matter is before the Court upon defendant City of Mansfield's Motion for Judgment on the Pleadings. (Doc. 19). For the following reasons, the motion is UNOPPOSED and GRANTED.

**Facts**

*Pro se* plaintiff Carline Curry filed this action in the Richland County Court of Common Pleas under Title VII, 42 U.S.C. § 2000e; 42 U.S.C. § 1981; 42 U.S.C. § 1983; and Ohio Revised Code § 4112 against the City of Mansfield, Mansfield Mayor Theaker, Mansfield Human Resources Employee Mr. Kuntz, Mansfield Wastewater Treatment Plant Manager Bob Coker, Mansfield Public Works Director Dave Remy, the United States Equal Employment Opportunity Commission ("EEOC"), EEOC State and Local Coordinator Jeremy A. Sells, EEOC District Director Michelle Eisele, United States Attorney General Merrick B. Garland, and Ohio Civil Rights Commission Cleveland Regional Director Vera Boggs. The defendants

removed the action to federal court. In the Complaint, plaintiff alleges the City of Mansfield discriminated against her on the basis of race by failing to hire her for open jobs. She seeks monetary damages. By prior Memorandum of Opinion and Order, this Court dismissed all the defendants except for the City of Mansfield.

As previously stated by the Court, the Complaint contains very little factual information. Plaintiff claims the City of Mansfield did not post the Operations Supervisor job and instead gave it to an internal candidate "Sherry" who the City had trained for a year for the position. She states, "She was doing the job that I had for 30 years in which the City did not give me a chance to be rehired as similarly situated employees." Plaintiff does not allege facts to indicate when or why she left her job with the City. She states the employees were disrespectful, insubordinate, and performed their jobs unsatisfactorily. She contends she was trying to get the employees to do their jobs so that they could complete mandated work. However, the City labeled her as a defiant employee who caused problems with management.

Plaintiff alleges that when Bob Coker was promoted to Manager, the City of Mansfield did not fill the supervisor job he had vacated. She contends they instead waited for a year to fill the position and then hired internally by promoting Sherry. Plaintiff indicates that Sherry's promotion left an opening in the Environmental Compliance Supervisor position. She alleges that the position is still open and the City of Mansfield has not set a date for hiring someone to fill this position. She contends they are proceeding this way to prevent her from applying for the jobs. She indicates she is a black female over the age of 50.

This matter is now before the Court upon the City of Mansfield's Motion for Judgment on the Pleadings. Plaintiff has not opposed the motion.

**Standard of Review**

A "motion for judgment on the pleadings under Rule 12(c) is generally reviewed under the same standard as a Rule 12(b)(6) motion."*Mellentine v. Ameriquest Mortg. Co.,* 2013 WL 560515 (6th Cir. February 14, 2013) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.2001)). "For purposes of a motion for judgment on the pleadings, all well-pleaded allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless entitled to judgment." JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir.2007).

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), clarified the law regarding what the plaintiff must plead in order to survive a Motion to Dismiss under Rule 12(b)(6).

When determining whether the plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the

allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 556 U.S. at 677-678, further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.* The Sixth Circuit has held that a Court may consider allegations contained in the Complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, all without converting a Motion to Dismiss to a Motion for Summary Judgment. FED. R. CIV. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

### **Discussion**

The Court agrees with defendant's unopposed arguments that all of plaintiff's remaining claims must be dismissed for failure to state a claim. The Court incorporates the reasons herein. (Doc. 19 at 4-8).

Additionally, as Honorable Donald Nugent stated in plaintiff's most recent lawsuit against the City of Mansfield alleging discrimination, *Curry v. City of Mansfield,* 1:21 CV 1572, "Plaintiff has been prohibited from proceeding *in forma pauperis* in this district in civil actions alleging employment discrimination against the City and City officials and employees due to the numerous prior lawsuits she filed, repeatedly over many years, which have been summarily

dismissed..." In Judge Nugent's case, as in the case herein, plaintiff sued the City of Mansfield alleging unlawful employment discrimination in violation of various statutes. In that case, as in this one, plaintiff alleges she was unlawfully discriminated against because she was not given an opportunity or interview for a job opening.[1] Like the previous cases, this action is subject to summary dismissal as plaintiff has clearly been apprised that she cannot make out viable federal employment discrimination claims under federal or state statutes simply on the basis of allegations that the City failed to hire her for certain open jobs. Rather, she must allege specific facts in the body of her complaint, and her persistent contention that she was subjected to unlawful discrimination because she was not given an interview or hired for an open position with the City lacks the legal plausibility necessary to invoke this Court's subject matter jurisdiction. *See Lillard v. Shelby Cty. Bd. of Educ*., 76 F.3d 716 (6th Cir. 1996) (court is not required to accept summary allegations or unwarranted legal conclusions in determining whether a complaint states a claim for relief).

Accordingly, for this reason as well, the Complaint must be dismissed.

**Conclusion**

For the foregoing reasons, the City of Mansfield's Motion for Judgment on the Pleadings is unopposed and granted.

    IT IS SO ORDERED.

---

[1] In fact, although not entirely clear, plaintiff may be challenging the same job opening for an "Operator" in both Judge Nugent's case and the case herein which were filed only a couple weeks apart.

Dated: 1/11/22

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge